CRAFT *v*. STATE.

June 9, 1952.

No. 38431 (59 So. (2d) 343)

W. M. Broome, for appellant.

754

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Lee, J.**

Lizzie Mae Craft, alias Lizzie Mae Carson, was jointly indicted with her daughter, Josie Mae Rhymes, for grand larceny. Josie Mae entered a plea of guilty to trespass, less than larceny. Lizzie Mae was found guilty by the jury, and was sentenced to serve a term of four years in the state penitentiary. From the judgment entered, she appeals.

The evidence by the owner of the store and her clerk was sufficient to warrant the jury in finding the appellant guilty of the felonious taking of the suit of clothes. The officers pursued both women for several city blocks before apprehending them, at which time they took from Josie Mae the package containing the suit. Both women and the suit were immediately identified by the owner and her clerk.

Josie Mae, as a witness for her mother, testified that neither she nor her mother stole the suit; but that she was holding it for another woman, who had been in the store with them.

In this situation, the court granted the following instruction for the State: ''The court instructs the jury for the state that it is the law of this state, that every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and may be punished as such; and further instructs the jury that if you believe from all of the creditable evidence

in this case beyond all reasonable doubt and to the exclusion of every reasonable hypothesis, that the defendant, Lizzie Mae Craft alias Lizzie· Mae Carson, aided and abetted her codefendant, Josie Mae Rhymes in the commission of the offense of larceny as charged in the indictment, then she is guilty as a principal and you should so find.''

 This instruction was erroneous for at least two reasons: (1) It authorized the jury to find the defendant guilty, if she aided and abetted in the commission of the larceny, although there was no evidence to that effect. ' (2) The instruction peremptorily told the jury that Josie Mae committed the larceny in spite of the fact that the State offered no proof of her guilt of larceny—she denied it herself—and her plea of guilty was to trespass only.

 The true rule as to whether or not an erroneous instruction constitutes prejudicial error was stated in Harper v. State, 83 Miss. 402, 35 So. 572, 575, as follows: ''Where an abstract proposition of law is incorrectly announced by an instruction, and the same or similar propositions of law are thereafter correctly set forth in other instructions in the cause, then if, taking the instructions on both sides as a whole, the court can safely affirm that no harm has been done to either side, and that the right result has been reached, the verdict of the jury will not, in such cases, be disturbed.'' But the other instructions did not cure this error.

For the error in granting this instruction, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

**Roberds, P. J.,** and **Kyle, Arrington** and **Ethridge, JJ.,** · concur.