McBroom *v.* State.

Apr. 20, 1953

No. 38679          28 Adv. S. 35          64 So. 2d 144

James H. Adams and Jno. W. Prewitt, for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, G. T. McBroom, was indicted, tried, and convicted of grand larceny for the stealing of one "white faced muley headed cow branded 'P' on the right hip," and sentenced to the penitentiary for a term of five years, from which judgment he appeals.

The evidence on the part of the state was sufficient to sustain the conviction and we would affirm this judgment but for the granting of the following instruction to the state, which is assigned and argued as error: "The court instructs the jury for the state that any person aiding, abetting, counseling, or procuring the commission of a felony is guilty as a principal."

This instruction embodies a correct principle of law, but was improper, and not applicable to this case, for the reason that we find no evidence in this record to show that the appellant aided, abetted, or procured the larceny of the cow described in the indictment.

". . . An instruction not based on the evidence is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to induce them to suppose that such state of facts in the opinion of the court is possible under the evidence and may be considered by them." 53 Am. Jur., Trial, Sec. 579, p. 455.

We held, in the recent case of Craft v. State, 214 Miss. 752, 59 So. 2d 343, that the granting of a similar instruction was erroneous and reversible error where it was not based upon any evidence. ▆▆ The trial court also refused the appellant an instruction on an alibi, which was proper in view of the erroneous instruction given the state, as the appellant did not have to be present to be guilty. With this instruction left out, it follows that the defendant would be entitled to an instruction on an alibi. For the error in granting this instruction, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee,* and *Holmes, JJ.,* concur.