LEE, J.,
for the court.
¶ 1. On motion to modify opinion, .the State’s motion is granted, and the prior opinion is withdrawn and this opinion is substituted.
¶ 2. Flanagan Harris originally pled guilty to kidnaping and burglary of a dwelling house. Thereafter, Harris filed a petition for post-conviction collateral relief which was dismissed by the trial court. Feeling aggrieved, Harris filed a pro se appeal to this Court. The issues are as follows: (1) whether the entry of the guilty *1288 pleas by Harris to kidnaping and the burglary of a dwelling house waived a claim asserting his indictment was defective and (2) whether Harris’s counsel’s failure to object to the indictment amounted to ineffective assistance of counsel. Finding this appeal to be procedurally barred, we affirm the trial court’s dismissal of this case.
FACTS
¶ 3. Pertinent facts will be discussed as needed in addressing the issues below.
DISCUSSION
I. WHETHER THE ENTRY OF THE GUILTY PLEAS BY HARRIS TO KIDNAPING AND BURGLARY OF A DWELLING CONSTITUTED A WAIVER OF A CLAIM OF A DEFECTIVE INDICTMENT.
¶ 4. Harris argues that he should either be re-sentenced or his cause should be reversed and rendered because his indictment failed to state that it was a true bill, it did not specifically name the charges against him, or contain statute numbers for each count. The State asserts that Harris’s arguments regarding an allegedly faulty indictment and ineffective assistance of counsel are time barred because the filing of his petition for post-conviction collateral relief did not comport with the statute of limitations enumerated by statute.
¶ 5. In reviewing this issue, Mississippi Code Annotated section 99-39-11(2) (Rev. 2000) addresses the judicial examination of the original post-conviction collateral relief motion and states:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
¶ 6. In Par Industries, Inc. v. Target Container Co., the applicable standard of review was stated:
“A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,” and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, “that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court’s findings of fact.” That there may be other evidence to the contrary is irrelevant.
Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998) (citations omitted).
¶ 7. The applicable portion of section 99-39-5(2) states: “A motion for relief under this article shall be made ... in case of a guilty plea, within three (3) years after the entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2001). The record shows that Harris entered his guilty plea and was sentenced on September 16, 1997. Therefore, since Harris’s argument does not come under an exception, the statute of limitations would have tolled in September of 2000. Harris did not file his petition for post-conviction collateral relief until April 20, 2001. Accordingly, the petition filed by Harris is time barred, and the trial court properly dismissed Harris’s petition. Notwithstanding *1289 the time bar, we briefly address the merits of Harris’s issues.
¶ 8. Harris argues that his indictment did not state that it was a true bill, and indeed, it does not. However, this language is not required for an indictment to be valid. See URCCC 7.06. Next, Harris contends that the indictment is insufficient because it did not label each crime as “kidnaping” and “burglary of a dwelling,” or state the appropriate statute numbers.
¶ 9. In Stradford v. State, 771 So.2d 390, 395-96 (¶ 16) (Miss.Ct.App.2000), we stated:
Mississippi Code Ann. § 99-17-13 (Rev. 1994) explicitly makes it possible for a party to amend an indictment where the change is to an immaterial matter and the defendant will not be prejudiced in his defense. In other words, if an amendment is made in an indictment, it must be one of form, not substance, to be acceptable. The test for whether the amendment is form or substance is:
[Wjhether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
¶ 10. In Terry v. State, we cited Weaver v. State, 497 So.2d 1089 (Miss.1986), which dealt with the lack of a statute number in an indictment. In Terry this Court stated:
Looking to Weaver v. State, the indictment’s charging language there was identical to the statute on point for the crime alleged, yet the indictment failed to state the specific statute number. In Weaver the court said, “The indictment at issue does not designate a specific statute. We have held, however, that this is not fatal where from the language of the indictment the accused may fairly ascertain under what statute he has been charged.”
Terry v. State, 755 So.2d 41, 43 (¶ 10) (Miss.Ct.App.1999) (citations omitted).
¶ 11. The language that was contained in the indictment for Harris is as follows:
Count 1
did, without Toñita Griffin authority of law, forcibly seize and confíne Toñita Griffin, a human being, with the intent to cause the said Toñita Griffin to be secretly confined or imprisoned against his/her will Count 2
did willfully, unlawfully, feloniously and burglariously break and enter the occupied dwelling house of Milton Griffin, said dwelling house being then and there occupied by Toñita Griffin, with the intent of said Flanagan Fredrick Harris, to commit a crime, to-wit: assault,
Like the situation in Weaver, Harris and his counsel were able to fairly ascertain what statutes he was being charged under. The language in the indictment restated the language found in Miss.Code Ann. § 97-3-53 (Rev.2000) for kidnaping and Miss.Code Ann. § 97-13-23 (Rev.2000) for burglary of a dwelling. Additionally, “a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant.” See McCullen v. State, 786 So.2d 1069, 1076 (¶ 15) (Miss.Ct.App.2001). Furthermore, Harris concedes in his brief that he was aware he was pleading guilty to kidnaping and burglary of a dwelling when he entered his pleas. Thus, in addition to having found the petition time-barred, we also find this issue is without merit.
II. WHETHER HARRIS’S COUNSELS FAILURE TO OBJECT TO *1290 THE INDICTMENT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. Harris argues that he received ineffective assistance of counsel when his attorney failed to object to the indictment. To prevail on the issue of whether his defense counsel’s performance was ineffective requires a showing that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel’s conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. “The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances.” Carney v. State, 525 So.2d 776, 780 (Miss.1988). Harris must prove that it is reasonably probable that “but for” the errors committed by his counsel, the outcome of his trial would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 13. In issue one we concluded the lack of stating it was a true bill, labeling the crimes, and inserting statute numbers in the indictment was not fatal. Harris was apprized of the charges against him. Since this conclusion was reached, we also conclude that Harris was not prejudiced by his attorney’s failure to object to the indictment on these bases.
¶ 14. Finding Harris’s petition for post-conviction relief to be time-barred, we affirm the trial court’s dismissal.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.