880 So.2d 377 (2004)
Douglas GREEN, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01143-COA.
Court of Appeals of Mississippi.
August 17, 2004.
*378 Douglas Green, Jr., appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
*379 KING, C.J., for the Court.
¶ 1. Douglas Green, Jr. appeals an order denying his motion for post-conviction collateral relief entered by the Pearl River County Circuit Court. On November 26, 2002, Green pled guilty to attempted possession of precursor chemicals. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended, five to serve, and five years of post-release supervision. Green was ordered to undergo alcohol and drug treatment, pay a fine, and pay court costs.
¶ 2. On May 27, 2003, Green filed a pro se motion for post-conviction collateral relief. The motion was dismissed. On appeal, Green raises the following issues which we cite verbatim:
I. That the trial court erred in allowing Green to plea[d] guilty to a non-existent statu[t]e of attempted possession of precursor chemicals.
II. That Green entered an unintelligent and involuntary plea of guilty.
III. That Green was denied effective assistance of counsel.
IV. That the court erred in accepting Green's guilty plea where no factual basis was established of Green's guilt.
V. The court erred in that the record is void of the elements of the alleged charged [sic] of attempted possession of precursor chemicals and that the court failed to inform Green of the elements and/or have such elements explained by the prosecuting attorney, nor are such elements listed anywhere in the records.

FACTS
¶ 3. On September 6, 2002, Green was indicted for (1) possession of precursor chemicals while in possession of a firearm and for (2) possession of a weapon by a convicted felon pursuant to Mississippi Code Annotated Sections 41-29-313 (Supp. 2003), 41-29-152 (Rev.2001), and 97-37-5 (Rev.2000) respectively. The parties reached a plea agreement. On November 26, 2002, Green, represented by a public defender, filed a petition to enter a guilty plea to a charge of attempted possession of precursor chemicals.
¶ 4. During his guilty plea hearing on December 3, 2002, the trial judge questioned Green to determine whether his plea to the charge of attempted possession of precursor chemicals was knowingly and voluntarily made. Green testified that he understood the nature of the charge and the consequences of his plea.
¶ 5. The trial judge questioned Green regarding whether his attorney had explained the contents of the guilty plea petition to him. Green indicated that his attorney went over the information with him and had explained the charges to him. The trial judge asked if Green's attorney had advised him of the maximum and minimum sentences required by law, to which he answered affirmatively. The trial judge then asked Green if his attorney had explained what the prosecutors must prove to show that he was guilty. Green stated that his attorney had explained this to him. The trial judge questioned Green to determine if he had been advised of his constitutional rights. Green indicated that he had been advised of these rights and the consequences of waiving these rights by pleading guilty. The trial judge asked Green if anyone had threatened him or promised him anything in regard to his plea. Green testified that he had not been threatened or promised anything. According to Green, he pled guilty because he was in fact guilty, and that the facts relating to the charge of attempted possession of precursor chemicals were true and correct.
*380 ¶ 6. Based upon Green's responses to his questions, the trial judge determined that Green's plea was knowingly and voluntarily made. The trial judge accepted Green's guilty plea.

STANDARD OF REVIEW
¶ 7. In reviewing a trial court's decision to deny a petition for post-conviction collateral relief, "this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999) (citation omitted). Where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS
¶ 8. Because issues I and V are interrelated, we have addressed them together.

I.

Whether Green entered a guilty plea to a valid statute offense.
¶ 9. Green claims that he pled guilty to a non-existent offense. He alleges that the charge of attempted possession of precursor chemicals does not exist, thereby making his plea invalid. While an attempt to commit a crime is a separate and distinct offense from the crime itself, a defendant may be charged with attempting to commit the principal offense when the attempt statute is coupled with the statute of the principal offense. Harden v. State, 465 So.2d 321, 323 (Miss.1985).
¶ 10. Pursuant to Mississippi Code Annotated Section 97-1-7 (Rev.2000), "[e]very person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense," shall be punished for a period or for an amount of time not greater than is prescribed for the actual commission of the offense so attempted.
¶ 11. Mississippi Code Annotated Section 41-29-313 makes possession of precursor drugs or chemicals unlawful. This statute lists the types of drugs or chemicals which are considered precursor drugs. Both Mississippi Code Annotated Sections 97-1-7 and 41-29-313, when viewed together give the elements of the crime charged, attempted possession of precursor drugs or chemicals.
¶ 12. The transcript reveals that Green was aware of the State's request to have the charge amended to attempted possession of precursor chemicals and that his attorney had discussed this change with him. "[A] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." Harris v. State, 819 So.2d 1286(¶ 11) (Miss.Ct.App.2002) (citation omitted). The trial judge questioned Green regarding his knowledge of the charge and whether it had been explained to him. Green answered that the charge had been explained to him, and that he understood it.
¶ 13. Green stated under oath that he was in fact guilty of the crime charged and that he understood the nature of the crime charged. Therefore, Green was aware of what he was pleading guilty to. Green's declaration was made under oath, in open court, and carries a strong presumption of verity. Baker v. State, 358 So.2d 401, 403 (Miss.1978). We find this issue to be without merit.

II.

Whether Green's plea was voluntary.
¶ 14. Green argues that his plea was unintelligent and involuntary because *381 he did not understand the law concerning the amended charge of attempted possession of precursor chemicals. He claims that he was deceived because he thought that he was pleading guilty to a charge that carried a lesser sentence.
¶ 15. Green further maintains that his plea was involuntary because the "attempt" statute was not mentioned during his plea hearing and he was not adequately advised of the amended charge. Rule 8.04(A)(3) and (4) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
¶ 16. Green's petition to enter a guilty plea and the transcript reflect that he was aware that he would be pleading guilty to the amended charge of attempted possession of precursor chemicals, and that his attorney had gone over both the petition to enter a guilty plea and the amended charge with him.
¶ 17. Green also claims that he was assured by his attorney that he would be placed on probation. When asked by the trial judge had he been promised anything, Green indicated that he had not been promised anything. The trial judge determined that Green's plea was voluntary based upon his responses to the court's questions regarding his plea. "Trial judges are entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764(¶ 10) (Miss.1998). Therefore, we find that the trial judge complied with Uniform Circuit and County Court Rule 8.04(A)(3) and (4). This issue is without merit.

III.

Whether Green received effective assistance of counsel.
¶ 18. Green contends that he received ineffective assistance of counsel because his attorney erroneously advised him that attempted possession of precursor drugs or chemicals carried a lesser sentence. Green asserts that he would have chosen a jury trial had he not been misinformed.
¶ 19. To establish a claim of ineffective assistance of counsel, Green must show (1) a deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997). Assuming arguendo that Green's attorney performed deficiently, *382 Green has failed to show that the out-come of his trial would be different.
¶ 20. This Court notes that Green's attorney negotiated an agreement which allowed his second count to be nolle prosequied and Green received a sentence of five years to serve pending successful completion of five years of post-release supervision upon release from the Mississippi Department of Corrections' custody. This would appear to be advantageous to Green rather than detrimental.
¶ 21. At the guilty plea hearing, the trial judge asked whether Green was satisfied with the services of his attorney. Green indicated satisfaction with his attorney's services. This Court is entitled to rely upon solemn statements made under oath. Gable v. State, 748 So.2d 703(¶ 11) (Miss.1999); Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 22. This Court finds that Green has not provided any evidence to suggest that his attorney's performance was deficient to the degree of being prejudicial to his defense. This issue is without merit.

IV.

Whether there was a factual basis to support the charge of attempted possession of precursor drugs or chemicals.
¶ 23. Green contends that no evidence exists which links him to the gun or precursor chemicals found at the house he was visiting.
¶ 24. However, a review of the record indicates that Green stated that he was pleading guilty because he was guilty and that the facts stated in the amended charge were true and correct. URCCC 8.04(A)(3). Green now contradicts his testimony. As noted previously, this Court is entitled to rely on solemn statements previously given under oath. Gable, 748 So.2d at (¶ 11). We find that, in the face of the evidence of the guilty plea hearing transcript, Green has failed to show that the contradiction in his testimony warrants a reversal.
¶ 25. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.