419 So.2d 1036 (1982)
Bill ROBY
v.
STATE of Mississippi.
No. 53435.
Supreme Court of Mississippi.
September 22, 1982.
Rehearing Denied October 13, 1982.
*1037 Eaves & Eaves, John Arthur Eaves, Jackson, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and BROOM and BOWLING, JJ.
SUGG, Presiding Justice, for the Court:
Appellant was convicted of armed robbery and sentenced in the Circuit Court of the First Judicial District of Hinds County to serve thirty (30) years with the Mississippi Department of Corrections.
On January 13, 1981 at about 11:45 a.m., the Medical Center branch of the First Mississippi National Bank was robbed by a man wearing a ski mask, pinstriped overalls and carrying a sawed-off rifle. The money he took included One Thousand Dollars ($1,000) in bills with their serial numbers recorded called "bait money." The man's departure from the bank was testified to by a bank employee who saw him go out the front door, walk past two windows, stand by a white Chevrolet pickup truck with a blue left rear fender for less than one minute, and get into the truck and drive away.
Another bank employee followed the truck in a van in order to obtain the license number. The bank robbery and a description of the truck were reported to police as the truck pulled away heading south on North State Street. The employee who followed in the van saw the truck turn right off North State Street and proceed through the stadium parking lot. At this point the bank employee lost sight of the truck momentarily and drove through the stadium parking lot toward Woodrow Wilson Boulevard. As he approached Woodrow Wilson Boulevard between the State Board of Health and the State Highway Department buildings, he met a policeman with a walkie-talkie and told him that the vehicle the robber was driving was about to come over the hill toward them. The officer used his walkie-talkie to notify other police units in the vicinity that the suspected bank robber was approaching the intersection of Woodrow Wilson and North West Street. The bank employee testified that he gave no description of the truck to the police since they already had the description. From a distance of about fifty feet he watched two police officers arrest the driver of the truck. He estimated the total time that elapsed between when he began the chase and the *1038 arrest to have been from three to five minutes.
The man arrested by the officers was Bill Roby, the appellant. With him on the front seat of the vehicle was the money, pinstriped overalls, a ski mask, a sawed-off rifle and other items. Appellant was arrested on the basis of information the officers received on their radios.
The appellant argues that the subsequent search of his truck without a warrant after he was arrested and out of his presence was improper and that the items seized should have been excluded as the fruit of an illegal search and seizure. The United States Supreme Court has recently handed down its decision in United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) which holds that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle as thorough as a magistrate could authorize by warrant. We consider this case to be dispositive of the warrantless search issue.
Nevertheless, the appellant claims that since he was under arrest, emergency circumstances no longer existed and the officers had ample time to obtain a warrant. There was an initial search in which the weapon was removed and unloaded for reasons of safety and a subsequent search by an investigator with the mobile crime lab of the Jackson Police Department who took and preserved the items in the truck for evidence as he was trained to do, without a warrant. We conclude that the initial search begun by the arresting officers was justified under the emergency doctrine exception, especially in view of the United States Supreme Court holding in United States v. Ross, and that the subsequent search by the investigator for the mobile crime lab was simply a continuation of that initial search. The decision of the trial court to overrule the motion to suppress was not error. Smith v. State of Mississippi, 419 So.2d 563 (1982).
The officers made their arrest at a busy intersection during the noon hour. They had to secure the suspect, protect the crime scene for investigation and make sure that traffic continued to flow as normally as possible. The investigator who arrived almost simultaneously with the other officers at the scene was specially trained in securing items for evidence. The robbery, pursuit, arrest and search all occurred within a fifteen minute time span. The evidence presented shows nothing more than an example of efficient, professional police work.
Appellant assigns error to the trial court's refusal to allow introduction of a letter purported to be an admission by the appellant's wife of a scheme to implicate him in the crime. The letter itself offers no such incriminating statement, it is not a dying declaration and does not fit within any other exception to the hearsay rule. It makes reference to marital problems and could support the appellant's account of the events only by the vaguest innuendo. Therefore, it was properly excluded.
Appellant argues that he was unfairly prejudiced by comments made by the assistant district attorney. Defense counsel objected to the introduction of the state's evidence on the ground that the chain of custody had not been shown. The assistant district attorney replied, "Your Honor, if counsel intends to show tampering, I'll be happy to let the jury out and let him show evidence of tampering." This remark was highly improper. It is the trial judge who determines whether or not a jury will be excused from the courtroom. We do not feel, however, that the remark was prejudicial.
The trial judge attempted to give the defense counsel opportunity to clarify his objection or to give any evidence he might have possessed which would rebut the chain of custody already established. Testimony showed that all items were marked and preserved at the scene, placed in the trunk of the investigator's patrol car, carried to the police station and logged into the evidence and recovered property room. On *1039 the day of trial the items were transported to the courtroom directly from the vault. It appears that the chain of custody was established and that defense counsel simply felt that it had not been. He failed to specify his objection despite the trial judge giving him ample opportunity to do so. We can only conclude, therefore, that the refusal of the trial court to grant a mistrial on this ground was proper.
The appellant has presented an intriguing story in which he accuses his wife of carrying out the crime of armed robbery and placing the money, weapon, clothing and other items in the appellant's truck while he was in the Recovery Room Bar next door to the bank. However, the jury also had testimony from a state's witness who testified that she saw the bank robber leave the building, go directly to the white Chevrolet truck, get in and drive away. Another state's witness testified that the truck was stopped and the driver arrested between three and five minutes after the robbery occurred. The appellant admits that he was the driver. The jury had this chain of events along with the evidence of appellant and determined the appellant to be guilty as charged. We cannot say that their conclusion was not supported by the evidence. We hold that the proof of the appellant's guilt was more than substantial and that the judgment of the trial court should be affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.