502 So.2d 327 (1987)
Mozell FLEMING, Jr.
v.
STATE of Mississippi.
No. 56823.
Supreme Court of Mississippi.
February 4, 1987.
Bruce B. Smith, Magee, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and ROBERTSON, JJ.
WALKER, Chief Justice, for the Court:
Mozell Fleming, Jr., was charged by indictment with possession, with intent to distribute, of more than a kilogram of marijuana. After a trial in the Circuit Court of Simpson County, he was convicted and sentenced to a term of six (6) years imprisonment. From that conviction and sentence he has appealed. Finding no error, we affirm.
On the night of February 1, 1984, Trooper Don Blackwell and Trooper Johnny Rawls of the Mississippi Highway Patrol were called on by a constable to assist in the pursuit of a late-model Buick travelling eighty-five (85) miles per hour in a fifty-five (55) mile per hour zone on Highway 49 in the D'Lo Flats area of Simpson County, Mississippi. Subsequent investigation would reveal that the Buick had been rented to Mozell Fleming, Jr. The two (2) troopers, each in his own car, pursued the Buick, which then pulled to the side of the highway and stopped. Trooper Blackwell stopped his patrol car behind the Buick, and Trooper Rawls, in order to assist Trooper Blackwell, parked his patrol car in front of the Buick.
Approaching the Buick from the rear, Blackwell shined his high intensity flashlight into the car and observed Fleming lying down in the back seat. Turning his attention to the front seat, Blackwell saw Fleming's companion, Lester Winston, sitting in the driver's seat, with marijuana seeds and parts of marijuana in his lap, between his legs, and on the floorboard. Winston's window was down, and the odor of marijuana emanated from the passenger compartment of the car. Blackwell asked Winston to get out of the car. When Winston complied with the request, Blackwell arrested him. Although Winston then attempted to run toward the woods, Blackwell apprehended him, handcuffed him, put him in the patrol car and secured him with the seat belt.
Meanwhile Trooper Rawls had reached the Buick. After observing marijuana seeds in the front seat and four (4) partially burned marijuana cigarettes in the ashtray, he asked Fleming to step out of the car, and arrested him.
Trooper Blackwell, after placing Winston in his patrol car, returned to the Buick, took the keys from the ignition, and opened the trunk. Inside was a roll of money and an open zipper bag. Visible inside the open zipper bag were clear plastic bags containing marijuana.
*328 Before trial Fleming moved to suppress the evidence found in the trunk, claiming it was obtained through an illegal search. After a hearing, the trial court ruled the evidence admissible. Fleming was tried separately, convicted and sentenced to a term of six (6) years imprisonment.
The single issue raised on appeal is whether the trial court erred in denying Fleming's motion to suppress. In his brief, Fleming candidly concedes that probable cause existed to search the passenger compartment of the car. He contends, however, that the existence of probable cause to search the passenger compartment did not justify the search of the trunk. This argument is without merit. Police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed therein may conduct without a warrant as thorough a search as a magistrate could authorize by warrant. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Roby v. State, 419 So.2d 1036 (Miss. 1982).
In Ross, officers had received information from a reliable informant that a man named "Bandit" was selling narcotics kept in the trunk of a "purplish maroon" Chevrolet Malibu with District of Columbia license plates which was parked at 439 Ridge Street. The officers drove to the address, found the car, and ran a computer check of the license number, by which they obtained a description of the owner consistent with the informant's description of "Bandit." Five minutes later the officers returned and saw the Malibu turning off Ridge Street, being driven by a man fitting the informant's description of "Bandit." The officers stopped the car and observed a bullet on the front seat. A search of the car revealed a pistol in the glove compartment and a closed brown paper bag in the trunk. When the officers opened the brown paper bag they found a number of glassine bags containing a white powder which subsequent tests revealed to be heroin. During a later search a zippered red leather pouch was found in the trunk. Officers unzipped it and found $3,200.00.
After the United States District Court denied his motion to suppress the evidence, Albert Ross (alias "Bandit") was convicted of possession of heroin with intent to distribute. The United States Court of Appeals for the District of Columbia Circuit, sitting en banc, reversed the conviction, holding that the searches of the brown paper bag and the red leather pouch violated the Fourth Amendment.
The United States Supreme Court reversed the Court of Appeals and ruled that the searches of the bag and pouch were valid. In so ruling, the Court stated that officers who have probable cause to search an automobile may conduct as thorough a search, without a warrant, as a magistrate could authorize by warrant. Rejecting artificial distinctions between various compartments and containers within the automobile, the Court held that probable cause to search an automobile authorizes the search of containers therein which may conceal the object of the search, even without any "specific suspicion concerning [the container's] contents." Ross, 456 U.S. at 823, 102 S.Ct. at 2172. The Court stated the following:
A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. A warrant to open a footlocker to search for marihuana would also authorize the opening of packages found inside. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, *329 and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.
Ross, 456 U.S. at 820-21, 102 S.Ct. at 2170-71.
In Roby v. State, 419 So.2d 1036, where Roby challenged the validity of the search of his truck conducted after his arrest and out of his presence, we rejected his argument and adopted the Ross holding that "officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle as thorough as a magistrate could authorize by warrant." Roby, 419 So.2d at 1038.
The rule is not without its limitations. We note, as the Ross Court did, that the scope of the warrantless search of an automobile is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." Ross, 456 U.S. at 824, 102 S.Ct. at 2172. This limitation is aptly illustrated by the following example from Ross: "probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase." Id.
In the case at bar, Troopers Blackwell and Rawls had a legitimate reason to stop the Buick: it was exceeding the speed limit. The observations which they made after stopping the car, i.e., marijuana seeds and parts of marijuana in the passenger compartment, the odor of marijuana emanating from the passenger compartment, provided probable cause to search the car. Once that probable cause existed, the officers were justified in conducting as thorough a search as a magistrate could authorize by warrant, and thus their search of the trunk was proper.
The trial court correctly denied the motion to suppress. Fleming's conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.