580 So.2d 1275 (1991)
RoseMarie HOGAN
v.
STATE of Mississippi.
No. 89-KA-1281.
Supreme Court of Mississippi.
May 15, 1991.
*1276 W.B. Duggins, Jr., Vicksburg, Sim C. Dulaney, Jr., Port Gibson, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
RoseMarie Hogan was indicted, tried and convicted in the Circuit Court of Warren County on six (6) counts of aggravated assault and was sentenced by the trial judge to twenty-five (25) years in the custody of the Mississippi Department of Corrections. Hogan appeals to this Court and presents four (4) issues for discussion.

FACTS
On Sunday March 28, 1989, at approximately 2:00 a.m., six (6) people were shot, while standing in front of the Dodge City nightclub, Vicksburg, Mississippi, in a shooting. Testimony revealed that a dark colored van, owned by RoseMarie Hogan, was the motor vehicle used in the shooting. Two (2) of the six (6) victims identified RoseMarie as the person firing the shots from the van.
A dark colored van, containing RoseMarie Hogan, John Mowdy and driven by Martin Scrivner, was apprehended by the police approximately three (3) miles away from the Dodge City nightclub, just subsequent to the drive-by shooting. A vehicular search of the van uncovered a twenty-two (22) caliber rifle and several spent cartridges. As a consequence thereof, RoseMarie Hogan, John Mowdy and Martin Scrivner were placed under arrest.
Scrivner and Mowdy plead guilty as accessories to six (6) counts of aggravated assault. During RoseMarie Hogan's trial, Scrivner and Mowdy testifying for the State related that they and Danny Hogan, RoseMarie's husband, had gone out drinking on the night in question; that while out "partying" Danny Hogan convinced Scrivner and Mowdy to take him by the Dodge City nightclub to purchase some marijuana; that while attempting to purchase the marijuana Danny was beaten up and robbed; that after the robbery they brought Danny home where RoseMarie, upon hearing about the robbery, wanted to return with Scrivner and Mowdy to the Dodge City nightclub and attempt to retrieve the stolen money; and that while Scrivner drove the van past the Dodge City, with Mowdy in the front passenger seat, RoseMarie leaned across Mowdy and began firing out the passenger side window at the group of people gathered in front of the nightclub.
RoseMarie, in her defense, asserted that the money stolen from Danny belonged, in part, to Scrivner and Mowdy; that, although she got in the van with Mowdy and *1277 Scrivner, she had no intention to go by the Dodge City nightclub. RoseMarie stated that, when Scrivner drove the van past the Dodge City nightclub, Mowdy reached under the front seat of the van, removed the twenty-two (22) caliber rifle, and began firing at the crowd. RoseMarie, while admitting that the rifle used had belonged to her husband, claimed that such rifle that day had been sold to Mowdy.

LAW

I. Did the lower court err in overruling the appellant's motion in limine to suppress evidence of a drug deal not involving the appellant, taking place prior to the shooting incident?

II. Did the admission into evidence of the out of court confession of Martin Scrivner constitute reversible error because the confession charged the appellant with the crime, since the confession was not made in her presence and contradicted the appellant's post arrest statement which denied any involvement in the crime?
RoseMarie contended that the court should prohibit the State from presenting evidence that her husband, Danny Hogan, had been robbed at the Dodge City nightclub, while attempting to purchase drugs. She filed a motion to suppress the evidence prior to trial, arguing that such proof was immaterial and unnecessary to the disposition of this case and was contrary to the rules of evidence.
The State's position was that the evidence established that RoseMarie went to the Dodge City nightclub and shot patrons of the club because of the beating her husband received in an earlier drug transaction.
We recognize, in a criminal trial, proof of a crime or an act, distinct from that charged in the indictment, with respect to which the accused has not been convicted, is not admissible evidence against the accused. Hunt v. State, 538 So.2d 422, 426 (Miss. 1989); Davis v. State, 530 So.2d 694, 696-98, (Miss. 1988); Robinson v. State, 497 So.2d 440, 442 (Miss. 1986); Walker v. State, 473 So.2d 435, 442 (Miss. 1985); Tobias v. State, 472 So.2d 398, 400 (Miss. 1985); Hughes v. State, 470 So.2d 1046, 1048 (Miss. 1985). However, there are certain well established exceptions to this rule. In Neal v. State, 451 So.2d 743 (Miss. 1984), the Court said:
Proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences. Such proof of another crime is also admissible where it is necessary to identify the defendant, where it is material to prove motive, and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge.
Id. at 759 (Miss. 1984) (emphasis added); See also Miss.Rules of Evidence, 404(b)[1].
In Ford v. State, 555 So.2d 691 (Miss. 1989), the Court said:
To be sure, evidence admissible under Rule 404(b) is also subject to the prejudicial test of Rule 403; that is, even though the Circuit Court considered the evidence at issue admissible under Rule 404(b), it was still required by Rule 403 to consider whether its probative value on the issues of motive, opportunity and intent was substantially outweighed by the danger of unfair prejudice. In this sense Rule 403 is an ultimate filter through which all otherwise admissible evidence must pass.

Id. at 693 [citing Jenkins v. State, 507 So.2d 89 (Miss. 1987)].
Evidence that Danny Hogan was involved in a drug transaction, prior to RoseMarie's *1278 participation in the shooting, was introduced for the purpose of establishing her motive for such shooting. No evidence was presented to suggest that RoseMarie was involved in any drug transaction at the Dodge City nightclub on the night in question nor did the lower court abuse its discretion when it found that admission of such evidence would not unduly prejudice RoseMarie.
The first issue is resolved against the appellant.
During the trial, the defense, on cross examination of Scrivner, brought out that a statement made by Scrivner to the police, implicating RoseMarie in the crime charged, was not entirely correct. On redirect, the state questioned Scrivner as to what part of the statement was not correct. Scrivner explained to the court that he did not remember which part of the statement was not correct and admitted to the court that he could not read. Over objection, the court allowed the state to read Scrivner's statement in its entirety, in order to determine which part of the statement Scrivner disagreed with. The court ruled:
BY THE COURT: ... I'm going to allow the [District attorney] to clarify whatever misconception there is that [Scrivner] brought out on cross examination. Your objection will be overruled. Continue.
Scrivner's statement was allowed to be read into evidence not as substantive evidence against RoseMarie but to clear up misconceptions about such statement brought out on cross examination.
Where the defense attorney inquires into a subject on cross-examination of the State's witness, the prosecutor on rebuttal is unquestionably entitled to elaborate on the matter. Winters v. State, 449 So.2d 766 (Miss. 1984). Evidence, even otherwise inadmissible, can be properly presented where the defendant has "opened the door". Simpson v. State, 366 So.2d 1085 (Miss. 1979).
Crenshaw v. State, 520 So.2d 131, 133 (Miss. 1988).
Issue number two is resolved against the appellant.

III. Did the lower court err in giving jury instruction S-1?

IV. Was the evidence insufficient to support the verdict of guilty?
RoseMarie complains that the lower court erred in giving jury instruction S-1 for the reason that it is not supported by evidence. Instruction S-1 follows:
The Court instructs the Jury that one who willfully, unlawfully and feloniously aids, abets, assists or other wise encourages the commission of a crime is just as guilty under the law as if he or she had committed the whole crime with his or her own hand.
The evidence favorable to the State reflects that RoseMarie, upset about her husband's being robbed during a drug deal, went to the Dodge City nightclub in a van with Scrivner and Mowdy and shot six people. The evidence was uncontradicted that the shots which injured the six persons came from the van, owned by RoseMarie, in which RoseMarie was present at the time. Scrivner and Mowdy denied placing the rifle in RoseMarie's van. RoseMarie admitted that she was in the van at the time of the shooting but asserted that Mowdy was the "trigger man". From all the evidence presented at the trial, the jury reasonably might have concluded that, although RoseMarie was not the "trigger man", she was present, aiding and abetting the crime since she had encouraged Scrivner and Mowdy to go back to the Dodge City nightclub for the purpose of committing the aforesaid crime and/or by providing the gun used in the crime, and by directing the van to the scene of the crime. While we recognize that all jury instructions should be supported by evidence, we are of the opinion that the evidence here sufficiently warrants the instruction on aiding and abetting. Brazile v. State, 514 So.2d 325 (Miss. 1987); Craft v. State, 214 Miss. 752, 59 So.2d 343 (Miss. 1952).[2]
*1279 Issue number three is resolved against RoseMarie.
RoseMarie last contends that there was not sufficient evidence to support her conviction on six (6) counts of aggravated assault. The facts of this case as set forth hereinabove, are not contradicted except by the one claim of RoseMarie that Mowdy fired the shots instead of her. Of course, this constituted an issue for the jury to determine, which the jury resolved against RoseMarie. It is elementary that, if there is substantial evidence in the record to support the verdict of guilt, this Court lacks the authority to disturb that verdict. McFee v. State, 511 So.2d 130 (Miss. 1987); See also Gavin v. State, 473 So.2d 952 (Miss. 1985); May v. State, 460 So.2d 778 (Miss. 1984).
Issue number four is resolved against the appellant.
There being no reversible error in the record, the judgment of the lower court is affirmed.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Miss.R.Evid. 404(b) (emphasis added).
[2] We note that subsequent to the appellant's objection to instruction S-1, the trial judge amended instruction S-1 to include language which had been requested by the appellant. After the amendment, no objection was made to the instruction and it constituted a waiver of the objection.