639 So.2d 1313 (1994)
Andrew P. HART, Jr.
v.
STATE of Mississippi.
No. 91-KA-0494.
Supreme Court of Mississippi.
May 12, 1994.
Rehearing Denied August 18, 1994.
*1314 Herman F. Cox, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and McRAE and JAMES L. ROBERTS, Jr., JJ.
McRAE, Justice, for the court:
Andrew P. Hart, Jr. appeals his conviction of felony possession of marijuana with intent to deliver or distribute the same from the Circuit Court of the First Judicial District of Harrison County. Hart was sentenced to serve twenty (20) years in custody of the Mississippi Department of Corrections and ordered to pay a $250,000.00 fine. On appeal, he presents seven issues for our review.
I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS.
II. THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTIONS A-3, A-8 AND A-20.
III. THE TRIAL COURT ERRED IN ALLOWING OFFICER DESCHAMP AND OFFICER LADNER TO TESTIFY AS TO WHY *1315 FINGERPRINTS WERE NOT LIFTED FROM THE BAGS WHICH CONTAINED THE MARIJUANA.
IV. THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO BE CROSS-EXAMINED BY THE STATE REGARDING A PREVIOUS CONVICTION.
V. THE TRIAL COURT ERRED IN NOT ALLOWING TIMOTHY GROSS, THE STATE CRIME LABORATORY EXPERT, TO TESTIFY ABOUT FINGERPRINT PROCEDURES.
VI. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR DIRECTED VERDICT, PRE-EMPTORY INSTRUCTION OF NOT GUILTY AND DEFENDANT'S MOTION FOR A JNOV.
VII. THE SENTENCE AND FINE IMPOSED IN SAID CAUSE WAS DISPROPORTIONATE TO THE CRIME FOR WHICH HART WAS CONVICTED.
Finding no merit in any of the issues presented, we affirm the lower court's judgment.

FACTS
This is a case where a man packed his "bags," hopped in a car and had the misfortune of entering Mississippi. On September 21, 1989, Andrew Hart was stopped on Interstate 10 in Harrison County for speeding by Officer Darryl Deschamp of the Mississippi Highway Patrol. As Officer Deschamp approached Hart's vehicle Hart, the driver and sole occupant, rolled down the car window. Deschamp immediately detected a strong odor of unburned marijuana.
While Deschamp was completing the speeding citation, Major Phillip "Mickey" Ladner of the Mississippi Highway Patrol arrived. Deschamp informed Ladner of the odor emanating from the stopped vehicle. Ladner approached the open window of the automobile and also smelled the strong odor of unburned marijuana. At that point, Deschamp asked Hart for his consent to search the vehicle. Hart agreed for the search to occur, removed the keys from the vehicle, and walked to the back of the car where he opened the trunk. Deschamp again smelled a strong odor of marijuana coming from the trunk area. Two duffle bags containing approximately 35 pounds of marijuana were then recovered from the trunk.
At trial, Hart testified that he lived in Houston, Texas, where he was engaged in construction work. He stated that he had lived with a woman for a number of years, but she moved to Charleston, South Carolina. Hart related that he was on his way to meet the woman in Atlanta, Georgia, when he was stopped in Harrison County. According to Hart, since he owned a four-wheel drive vehicle that got very low gas mileage, he had swapped vehicles with a business associate whose Buick automobile received good gas mileage. In addition, Hart's acquaintance needed to use Hart's vehicle to haul materials. Hart related that he did not open the trunk of the borrowed car before leaving Houston. He stated, "I had my suitcase, I threw it in the back seat, I jumped in the car, phew, here I am."

ISSUE I.

THE MOTION TO SUPPRESS
Hart argues that the trial court erred in overruling his motion to suppress statements made by him and the evidence seized or possessed from the automobile driven by him. He maintains that he was not advised of his Miranda rights, and thus, any statements made by him should be excluded from evidence. We disagree. Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), tells us that a single police officer's posing to the detained motorist a modest number of questions "cannot fairly be characterized as the functional equivalent of a formal arrest." Berkemer, 468 U.S. at 441, 104 S.Ct. at 3151. See also Cordoba v. Hanrahan, 910 F.2d 691, 693 (10th Cir.1990), cert. denied, 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).
In Yazzie v. State, 366 So.2d 240 (Miss. 1979), the defendant was indicted and tried for vehicular manslaughter. Yazzie, 366 *1316 So.2d at 241. The patrolman investigating the collision asked Yazzie's traveling companion if Yazzie was driving the vehicle occupied by them. Id. at 243. The companion stated that Yazzie was driving the automobile at the time of the collision, and Yazzie affirmed the statement by nodding "yes." Id. Yazzie contended the patrolman should have advised him of his Miranda rights before asking any questions. Id. In refuting the assertion, we stated that the defendant "was not under arrest, he was not restrained of his freedom, and the officer was making a routine investigation of the accident at the scene. Such is an exception to the Miranda rule." Yazzie, 366 So.2d at 243.
Hart next challenges the trial court's action in overruling his motion to suppress on the basis that the search of the vehicle driven by him was made without probable cause. He first argues that Officer Deschamp's testimony at the preliminary hearing conflicted with his testimony at trial. However, the record shows no conflict in the officer's statement. The same argument was made in Boches v. State, 506 So.2d 254 (Miss. 1987), and refuted. In Boches, we held the search valid and stated "that probable cause may be established through the sense of smell." Boches, 506 So.2d at 264. See also Fleming v. State, 502 So.2d 327, 329 (Miss. 1987) (observing marijuana seeds in the lap of defendant's traveling companion and detecting marijuana odor was sufficient to provide probable cause to search vehicle).
There is no merit to this assignment.

ISSUE II.

REFUSAL TO GRANT CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS A-3 AND A-8 AND POSSESSION INSTRUCTION A-20.
Hart requested that circumstantial evidence Instructions A-3 and A-8 be submitted to the jury, but the trial court refused. Hart contends that the trial court's failure to require the State to meet the burden of proof in circumstantial evidence cases constituted reversible error.
In Boches, we upheld the refusal of the trial court to grant a circumstantial evidence instruction and stated that although no confession existed in the record the prosecution was not, however, "wholly without eyewitnesses to the gravamen of the offense charged. Testimony of the officers concerning bales of marijuana found in the automobile is direct evidence of the offense." Boches, 506 So.2d at 260.
Hart next maintains the trial court erred in refusing Instruction A-20 which stated:
The Court instructs the jury that the "mere presence" of the accused in an automobile where marijuana is later found without more evidence is insufficient and this fact, standing alone, would require you, the jury, under your oaths, to find the accused, Andrew P. Hart, Jr., not guilty.
The record shows that Instruction C3 granted by the Court provided:
The Court instructs the Jury that the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that the Defendant was aware of the presence and character of a controlled substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.
If the State has failed to prove beyond a reasonable doubt that the Defendant, Andrew P. Hart, Jr., was aware of the presence and character of the controlled substance and was intentionally and consciously in possession of it, you must return a verdict of Not Guilty.
Time and time again we have stated that the trial court "is not required to give instructions which are covered by other instructions although the language may differ." Davis v. State, 431 So.2d 468, 475 (Miss. 1983). Instruction C3 properly informed the jury of the elements required to prove possession.
This assignment of error is without merit.

*1317 ISSUE III.

THE OFFICERS' TESTIMONY PERTAINING TO THE REASONS THEY DID NOT ATTEMPT TO LIFT FINGERPRINTS FROM THE SEIZED BAGS OF MARIJUANA
On cross-examination, Officer Deschamp acknowledged that he did not attempt to lift fingerprints from the duffle bags containing the marijuana. On redirect, the State attempted to explore the reasons why the officers did not take or request fingerprints from the bags. Hart's counsel objected to the testimony on the grounds that it was speculative and indicated Hart was acting in concert with someone else.
In Hogan v. State, 580 So.2d 1275 (Miss. 1991), we stated that when "the defense attorney inquires into a subject on cross-examination of the State's witness, the prosecutor on rebuttal is unquestionably entitled to elaborate on the matter." Hogan, 580 So.2d at 1278 (quoting Crenshaw v. State, 520 So.2d 131, 133 (Miss. 1988). The questions propounded by the prosecutor and the testimony elicited were well within the bounds of proper cross-examination, and there is no merit to this assignment.

ISSUE IV.

WAS THE STATE'S CROSS-EXAMINATION OF HART PERTAINING TO A PREVIOUS CONVICTION REVERSIBLE ERROR BECAUSE OF A DISCOVERY VIOLATION?
On the day before the trial, the court conducted an evidentiary hearing pursuant to Miss.R.Evid. 609 concerning the admission of evidence of any prior convictions that the State might attempt to place before the jury. At that time, the State was aware that Hart had a prior felony drug conviction but did not intend to use it for the purpose of attacking his credibility in the event he testified. However, on the morning of trial, the State was advised by police authorities that Hart had been convicted on July 27, 1990, of making a fraudulent statement to the Federal Aviation Authority. The court was immediately informed of this development and of the State's intent to use the conviction for the purpose of attacking Hart's credibility in the event he testified during trial. Hart objected on the basis that the information was not transmitted to him during the previous Rule 609 hearing.
Hart at no time attempted to comply with the well known options set forth in Box v. State, 437 So.2d 19 (Miss. 1983), when a discovery violation of this type is alleged. Therefore, he is procedurally barred from raising the issue on appeal. Cockrell v. State, 566 So.2d 1243, 1245-46 (Miss. 1990). See also Berry v. State, 575 So.2d 1, 10 (Miss. 1990).
Further there was no error in permitting the State to cross-examine Hart regarding the July 1990 conviction. First, the State was not aware of the conviction until the day before trial as it occurred subsequent to the indictment, arraignment, and much of the trial preparation by both parties. Moreover, Hart was fully aware at all times of his conviction, and the revealing of the conviction should have come as no surprise to him.

ISSUE V.

CROSS-EXAMINATION OF STATE CRIME LABORATORY EXPERT TIMOTHY GROSS
During direct examination, Officer Ladner testified that he did not request fingerprint testing of the plastic bags containing the marijuana, and on cross-examination, Ladner was of the opinion that the duffle bag material would not have shown a fingerprint as it was of a type of material that did not allow lifting fingerprints well. Later, the State called Timothy Gross, a forensic scientist employed by the Mississippi Crime Laboratory. Gross was presented as an expert in the field of drug identification and testified that tests performed by him showed that the substance removed from the vehicle driven by Hart was marijuana.
On cross-examination, Gross testified that other employees of the Mississippi Crime Laboratory were fingerprint experts. Out of the presence of the jury, Gross admitted he knew techniques existed for tests which could have possibly lifted fingerprints from the *1318 plastic bags, but he insisted that he was not an expert in their use. The trial court did not permit defense counsel to cross-examine Gross about these procedure in the presence of the jury.
Hart insists the testimony was admissible because it contradicted testimony of Officer Ladner and established that fingerprints could be lifted from the bags. We hold otherwise. The trial court properly refused to allow defense counsel to cross-examine Gross before the jury pursuant to his proffer. It was stipulated by the State and Hart that Gross was an expert in the drug testing field. He readily admitted he was not an expert in the fingerprinting field. The proffered testimony neither contradicted Ladner nor established that fingerprints could have been lifted from the bags. Gross stated emphatically that he was not a fingerprint expert and did not know whether fingerprints could have been lifted from the bags. The testimony of Officer Ladner was simply that he did not request fingerprint tests of the bags and that, in his opinion, fingerprints could not have been lifted from these particular plastics bags or the duffle bag. The testimony of Gross was not to the contrary nor did it establish that fingerprints could have been lifted from the plastic or duffle bags found in the trunk of the automobile driven by Hart.

ISSUE VI.

THE DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND JNOV
Hart's motions for a directed verdict, peremptory instruction and JNOV all challenged the legal sufficiency of the evidence. The applicable rules and standard of review in such cases is stated in Wetz v. State, 503 So.2d 803, 808 (Miss. 1987):
[W]e must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Callahan v. State, 419 So.2d 165, 174 (Miss. 1982); Sadler v. State, 407 So.2d 95, 97 (Miss. 1981). The credible evidence which is consistent with the guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974).... We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).
Hart first contends that the State failed to show that marijuana is a controlled substance. Miss. Code Ann. § 41-29-113(c)(12) (Supp. 1992) clearly provides that marijuana is a Schedule I controlled substance. The indictment charged Hart with possession of more than one kilogram of marijuana, a Schedule I controlled substance. Timothy Gross, forensic scientist and expert in drug identification, testified that from the tests performed and based on his expertise in drug identification, the substance in the two duffle bags recovered from the vehicle was marijuana.
In Thomas v. State, 377 So.2d 593 (Miss. 1979), we considered an appellate assertion that the State's proof failed to show that the drug involved in that case was a controlled substance. In refuting the claim, we stated:
We ... find no merit in the contention. At the date of the alleged crime, "on or about the 7th day of March, 1977," diazepam was a controlled substance. Mississippi Code Annotated, section 41-29-119 (1972), as amended by Laws of 1975, Chapter 465, section 4. Proof that the sale and delivery was of diazepam sufficiently showed a sale and delivery of a controlled substance.
Thomas, 377 So.2d at 594.
Hart next maintains that the proof is insufficient to show that he had possession of the controlled substance, that he was aware of its presence and character and that he exercised dominion and control of it. The facts of this case, however, are similar to those in Boches, where a challenge to the sufficiency of the evidence focused on the uncontradicted proof that Boches did not own the vehicle and no contraband was found on *1319 his person or in the passenger compartment of the automobile.
In holding that the trial court's denial of Boches' motion for a directed verdict and refusal to grant him a peremptory instruction was not error, we held that there existed sufficient evidence that Boches intentionally and consciously possessed the drugs. Boches, 506 So.2d at 259. This was evidenced by the fact that Boches had exclusive possession and control of the automobile, the length of the trip would have taken over eight hours and the distance that would have been travelled was over one thousand miles. Id. There also existed testimony from the arresting police officers that they smelled marijuana. Id.
Here, as in Boches, Hart had exclusive possession and control of the vehicle, the length of the trip was more than 1,000 miles, testimony of the officers established that they smelled the strong odor of marijuana emanating from the car and the quantity of contraband was more than 17 kilograms (35 pounds) with a value in excess of $35,000. Additionally, Hart's initial statement to Officer Deschamp was that he was going to get his wife and kids away from Hurricane Hugo. His trial testimony related that he was not married but was going to Atlanta to meet his ex-girlfriend. Inexplicably, her name or any information pertaining to her whereabouts was not revealed. Lastly, Hart's explanation concerning the ownership and use of the vehicle was sketchy, and Hart's denial of the strong odor of marijuana in a vehicle occupied by him for more than five hours in travelling more than 400 miles on a sunny, warm September day tested his credibility as well as the reliability of his sense of smell. Considering the evidence in the light most favorable to the verdict, we cannot say the court erred in its denial of Hart's motion for a directed verdict, peremptory instruction, and JNOV.

ISSUE VII.

THE SENTENCE
Hart finally argues that his sentence was disproportionate to the crime and amounted to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Hart further challenges the action of the court of imposing the sentence without conducting a presentence hearing. Hart's sentence was less than the maximum thirty (30) years and a one million dollar fine authorized by Miss. Code Ann. § 41-29-139(b)(1) (Supp. 1991). In Edwards v. State, 615 So.2d 590 (Miss. 1993), the contention was made that a twenty-five-year sentence for the crime of possession of cocaine with intent to distribute was disproportionate and a denial of Edwards' rights under the United States and Mississippi Constitutions. In determining that Edwards' contention was without merit, we stated:
Our Court has long been governed by the established rule that a trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss. 1984), and the cases cited therein. See also Barnwell v. State, 567 So.2d 215, 221 (Miss. 1990) (save for instances where the sentence is "manifestly disproportionate" to the crime committed, extended proportionality analysis is not required by the Eighth Amendment); Reed v. State, 536 So.2d 1336 (Miss. 1988). See also Wallace v. State, 607 So.2d 1184 (Miss. 1992); Fleming v. State, 604 So.2d 280 (Miss. 1992); Corley v. State, 536 So.2d 1314, 1319 (Miss. 1988); Reed v. State, 536 So.2d 1336, 1339 (Miss. 1988).
* * * * * *
At first glance, a twenty-five (25) year sentence for the crime charged might appear severe, but we do not find it shockingly excessive. Miss. Code Ann. § 41-29-139(b) provides a maximum sentence of not more than thirty years and a fine not to exceed one million dollars. Edwards' sentence was not the maximum which could have been imposed. Possession of cocaine with intent to distribute is a crime of serious proportions.
* * * * * *
Edwards raises objection to the trial judge's failure to order a presentence report thus prohibiting him from offering mitigating circumstances for the Court's *1320 consideration prior to imposition of sentence.
* * * * * *
The rule and the statute clearly establish that the use of presentence investigations and reports is discretionary with the trial judge and is not mandatory. A defendant does not have a right to a presentence investigation. Roberson v. State, 595 So.2d [1310] 1315 (Miss. 1992). See also Katz v. King, 627 F.2d 568, 576 (1st Cir.1980); Johnson v. Thigpen, 449 So.2d 1207, 1209 (Miss. 1984); Coleman v. State, 378 So.2d 640, 647 (Miss. 1979).
Edwards, 615 So.2d at 597-98.
Finding no error in the trial court's actions, the verdict, or the imposition and length of Hart's sentence, we affirm the lower court's judgment. Once again a person who packed his bags with illegal drugs to traverse Mississippi has found his final destination to be Parchman.
CONVICTION FOR POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DELIVER OR DISTRIBUTE AND SENTENCE OF TWENTY (20) YEARS IN CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $250,000.00 AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
HAWKINS, C.J., concurs in results only.