# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01157-SCT

*TIMOTHY BLISSETT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/1998 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROSS R. BARNETT, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DUNN O. LAMPTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/17/2000 |

## BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Timothy Blissett was convicted in the Circuit Court of Lincoln County of possession of more than one kilogram of marijuana with intent to distribute. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with the last ten years to be served on post-release supervision. Blissett appeals to this Court, assigning seven assignments of error. Only two of these assignments are worthy of discussion, but they do not constitute error. Therefore, we affirm.

### STATEMENT OF THE FACTS

¶2. On or about December 13, 1996, Timothy Blissett was traveling northbound on I-55 in Lincoln County, Mississippi, when he was stopped by Shawn Brown, a narcotics agent with the Lincoln County Sheriff's Department, for following a vehicle too closely and for changing lanes without signaling. As he approached the vehicle Brown smelled a strong, overpowering odor of a large amount of unburned marijuana and noticed that several air fresheners were scattered throughout the vehicle and that the vehicle was a rental car. Brown asked to see the rental agreement and directed Blissett to step away from the vehicle. The

rental agreement was in the name of one Samuel Epps. There was no other authorized driver listed on the agreement, and the car had been due back to the rental agency five days earlier.

¶3. Brown observed that Blissett was "overly nervous" when he stopped him and was "visibly shaking" by the time he asked Blissett to step away from the vehicle. Blissett denied there were any illegal substances in the vehicle. Brown searched the vehicle and found a large amount of marijuana. Blissett's consent to search the vehicle is disputed. Brown also found a duffel bag containing clothes and a pair of tennis shoes in the trunk. No fingerprints were taken nor were any identification procedures undertaken to determine ownership of the duffel bag, clothes, or tennis shoes.

¶4. Blissett testified that Samuel Epps, an "acquaintance," allowed him to use the rental car to visit a friend in McComb, Mississippi. Blissett drove to McComb, and, not being able to find his friend, began to drive back to Jackson, and was subsequently stopped by Brown. He was pulled over by Brown, who, over Blissett's objection, searched the vehicle. Blissett denied there were air fresheners scattered throughout the car while he was driving, asserting that Brown pulled the air fresheners out from under the seats of the vehicle. While Blissett acknowledged ownership of a bag of cassette tapes and a jacket found in the back seat, he denied having any knowledge of the marijuana, duffel bag, clothes, or gym shoes in the trunk.

## DISCUSSION

### I. WHETHER THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL, SHOULD HAVE BEEN GRANTED, SINCE THE VERDICT WAS AGAINST THE OVER-WHELMING WEIGHT OF THE EVIDENCE.

¶5. Although Blissett's first point of error attacks only the weight of the evidence, his argument actually involves the sufficiency of the evidence.

### *Sufficiency of the Evidence*

¶6. Blissett contends the evidence against him was insufficient to establish that he possessed marijuana or intended to distribute same. When reviewing a challenge to the sufficiency of the evidence, this Court considers all of the evidence in the light most consistent with the verdict, giving the State the benefit of all inferences favorable to the verdict. This Court affirms when the evidence was such that reasonable jurors could have found the defendant guilty. *Dudley v. State*, 719 So. 2d 180, 182 (Miss. 1998).

¶7. The State argued that Blissett constructively possessed the marijuana found within the trunk of the vehicle. The theory of constructive possession was explained in *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971), as follows:

> [T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

¶8. Citing *Fultz v. State*, 573 So. 2d 689 (Miss. 1990), Blissett argues that the State failed to prove he was in constructive possession of the marijuana. Fultz was pulled over by an officer for driving erratically

and was subsequently arrested. A search of the vehicle he was driving revealed seven and a half ounces of marijuana in the trunk for which Fultz was convicted of possession with an intent to distribute. In reversing Fultz's conviction, we found the evidence insufficient to establish constructive possession where the only incriminating evidence besides Fultz being the driver and sole occupant of the vehicle was that he had a small amount of marijuana on his person at the time of the arrest.

¶9. Unlike *Fultz*, the arresting officer in the instant case testified to smelling a strong, overpowering odor of unburned marijuana as he approached the vehicle and that air fresheners were scattered throughout the vehicle. The officer explained that the odor of the marijuana was so strong because it was a large amount loosely packed in bags, as opposed to vacuum packed. Further, Blissett's nervous demeanor at the time of the stop was inconsistent with a lack of knowledge of the marijuana in the car. We therefore believe the State presented circumstantial evidence showing Blissett knew or should have known of the marijuana's presence in the trunk of the vehicle.

¶10. Blissett also argues that the quantity of the evidence alone is insufficient to establish an intent to distribute. However, this Court has held on several occasions that a large quantity of a controlled substance can alone establish an intent to distribute. *See, e.g., Boches v. State*, 506 So. 2d 254, 260 (Miss. 1987) (348 pounds of marijuana); *Keyes v. State*, 478 So. 2d 266, 268 (Miss. 1985) (five grocery bags of marijuana).

¶11. The jury observed the quantity of the marijuana, and two narcotics agents estimated the bags together weighed between 40 and 50 pounds. Both also testified that, in their experience as narcotics agents, this quantity is far beyond what a person would keep for personal consumption. Examining the facts in the light most favorable to the State, sufficient evidence was provided to establish Blissett's intent to distribute.

### *Weight of the Evidence*

¶12. "To determine if a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict . . . . " *Ivy v. State*, 589 So. 2d 1263, 1267 (Miss. 1991) (citing *Thornhill v. State*, 561 So. 2d 1025, 1030 (Miss. 1989)). "Only where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997).

¶13. Accepting the evidence that supports the verdict as true, the Court finds that it is unlikely an "acquaintance" would allow Blissett to go driving around with marijuana worth an estimated $96,000 unsecured in the trunk. Furthermore, it is unreasonable to believe that Blissett did not question why the deodorizers were scattered throughout the car or suspect something from the overpowering smell of the marijuana. This point of error is without merit.

### II. WHETHER THE SEARCH OF THE VEHICLE WAS IN VIOLATION OF FEDERAL AND STATE CONSTITUTIONS REQUIRING THE FRUIT OF THE SEARCH TO BE EXCLUDED FROM EVIDENCE.

¶14. Blissett asserts that since the search did not fall into any recognized exception to the Fourth Amendment right against unreasonable search and seizure, the marijuana seized in the search should have been suppressed.[1]

¶15. However, "police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle as thorough as a magistrate could authorized by warrant." ***Fleming v. State***, 502 So. 2d 327, 329 (Miss. 1987) (quoting ***Roby v. State***, 419 So. 2d 1036, 1038 (Miss. 1982)); *see also* **United States v. Ross, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982)** (stop of vehicle based on probable cause justifies a search of every part of a vehicle that may conceal the object of the search).

¶16. Blissett was following a vehicle too closely and changing lanes without signaling. The rental agreement showed that Blissett was not an authorized driver and that the vehicle was overdue for return. It was therefore reasonable for the officer to detain Blissett until he could determine whether the car was stolen. Further, a strong, overpowering odor of unburned marijuana has been held to be probable cause to conduct a search. ***Hart v. State***, 639 So. 2d 1313, 1315 (Miss. 1994); ***Boches v. State***, 506 So. 2d 254, 264 (Miss. 1987); ***Fleming****,* 502 So. 2d at 329. Therefore, even without Blissett's consent, which is disputed, there was sufficient proof through the smell of marijuana to give probable cause to search of the vehicle. Blissett's contention that the evidence must be suppressed is without merit.

## CONCLUSION

¶17. Blissett's conviction of possession of more than one kilogram of marijuana with intent to distribute, his sentence, and the judgment of the Lincoln County Circuit Court are affirmed.

¶18. **CONVICTION OF POSSESSION OF MORE THAN ONE KILOGRAM OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE LAST TEN YEARS TO BE SERVED ON POST-RELEASE SUPERVISION, ASSESSMENT OF ALL COSTS AND ASSESSMENT OF FINE IN THE AMOUNT OF $110,000.00 AFFIRMED.**

> **PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. Although the record indicates a suppression hearing was held and the motion to suppress denied, the record does not contain a transcript of the hearing nor an order denying the motion to suppress.